**MASTERCARD INTERNATIONAL INCORPORATED, Plaintiff–Appellee,**

v.

**FEDERATION INTERNATIONALE DE FOOTBALL ASSOCIATION, Defendant–Appellant.**

No. 06–5649–cv.

United States Court of Appeals, Second Circuit.

May 25, 2007.

William M. Brodsky, Fox Horan & Camerini LLP (V. David Rivkin and JooYun Kim, Fox Horan & Camerini LLP, Turner P. Smith, Curtis, Mallet–Prevost, Colt & Mosle, LLP, on the brief), New York, NY, for Defendant–Appellant.

Martin S. Hyman, Golenbock Eiseman Assor Bell & Peskoe LLP (Adam C. Silverstein, Elizabeth A. Jaffe, Shira Franco, on the brief; Noah Hanft, Eileen Simon, Cheryl Givner, MasterCard International Incorporated, of counsel), New York, NY, for Plaintiff–Appellee.

Present: Hon. RALPH K. WINTER, Hon. SONIA SOTOMAYOR and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Appellant Federation Internationale de Football Association ("FIFA") appeals from the December 8, 2006 final judgment of the United States District Court for the Southern District of New York (Preska, J.), permanently enjoining FIFA from granting to anyone other than appellee MasterCard the sponsorship rights for the 2007–2014 World Cup soccer tournaments and ordering FIFA to specifically perform its obligations to MasterCard under the 2002 Agreement by granting MasterCard the package of rights previously offered to and accepted by MasterCard. FIFA also appeals two earlier orders of the district court denying its motion to compel arbitration and denying its motion to dismiss for lack of personal jurisdiction.

This action ostensibly arises under a written Official FIFA Partner Agreement, signed November 26, 2002, between the parties (the "2002 Agreement"), which granted exclusive sponsorship rights to MasterCard, in its product category, for the 2003–2006 World Cup quadrennial cycle. The agreement contained an "incumbency" or "first right to acquire" provision that is at the heart of this dispute. MasterCard originally filed suit in the district court for breach of this provision of the 2002 Agreement, alleging that FIFA had not negotiated with MasterCard in good faith and ultimately had sold the sponsorship rights at issue to MasterCard's primary competitor, Visa, because FIFA preferred to do business with that company.

Before the district court, FIFA raised a raft of arguments in opposition to MasterCard's claims, including that the district court lacked personal jurisdiction over the organization and that the dispute should be sent to a Swiss arbitration panel because the 2002 Agreement contained an arbitration clause, albeit with one important exception, the meaning of which the parties dispute. We do not opine on any of these questions, because on the record before us, we are unable to discern whether the 2002 Agreement is still operative between the parties. The parties do not dispute that FIFA sent an agreement outlining sponsorship rights for the 2007–2014 World Cup cycles to MasterCard on March 3, 2006, and that MasterCard signed that agreement on March 24, 2006 (the "2006 Agreement"). Although the district court found that there had been an offer and acceptance of the 2006 agreement, it is unclear from the district court's conclusions of law and the remedy it fashioned whether the court deemed this transaction sufficient to render the 2006 Agreement binding between the parties. See, e.g., Conclusions of Law ¶ 121(b). Accordingly, we remand to the district court, pursuant to the procedures outlined in United States v. Jacobson, 15 F.3d 19 (2d Cir.1994), to determine whether and to what extent the 2006 Agreement binds the parties, and whether and to what extent the 2006 Agreement supersedes the 2002 Agreement. In phrasing the question thusly, we do not mean to limit the proceedings before the district court on remand. Rather, the district court is free to reconsider other aspects of its original decision and relief ordered if the answer to the question for which we have remanded the case causes the court to rethink one or more of its rulings. The district court is also free to permit the parties to argue over the implications of any findings concerning the enforceability of the 2006 Agreement. To facilitate speedy resolution of this matter, the district court shall complete its proceedings and render its judgment on the issues here presented within forty-five days of the date of this order.

Therefore, the judgment of the district court is VACATED and the case is REMANDED for the limited purpose of addressing the questions posed above. Al-

though the mandate shall issue forthwith, we retain jurisdiction so that either of the parties may seek appellate review (as limited herein) by notifying the Clerk of the Court within thirty days of entry of the district court's judgment on remand. Such notification will not require the filing of a new notice of appeal. If notification occurs, the matter will be referred automatically to this panel for disposition.